IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

SHANNON PRESLEY,

      Plaintiff,

v.              CIVIL ACTION NO. 2:19-cv-00750

SHINE ELECTRICAL GROUP, et al.,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendants Shine Electrical Group ("Shine Electrical") and Sam's East, Inc. ("Sam's Club") (collectively, "Defendants") Motion for Summary Judgment. (ECF No. 30.) Plaintiff has failed to respond to Defendants' motion. Based on Plaintiff's failure to respond, and for the reasons more fully discussed below, Defendants' motion is **GRANTED**.

I. BACKGROUND

This matter arises out of Plaintiff Shannon Presley's ("Plaintiff") accident on December 12, 2017, which occurred while he was working at Sam's Club #6457[1] in South Charleston, West Virginia. Plaintiff is a resident of Virginia. (ECF No. 30–1 at 7:6.) Plaintiff, an employee of Frank Blankenship Properties ("Blankenship"), worked as an "apprentice-type electrical helper" to other electricians working at the South Charleston Sam's Club. (ECF No. 31 at 2.) Blankenship operated as a subcontractor to Shine Electrical for its contract work for this Sam's Club. (*Id.*) Blankenship paid Plaintiff and provided him benefits, including workers'

---

[1] This Court dismissed Sam's Club #6457 from this action with prejudice, pursuant to an agreed order by the parties. (ECF No. 11.) Sam's East, Inc. was then substituted as a defendant in this matter. (*Id.*)

compensation insurance, travel, expenses incurred while traveling to and from the job site, and lodging. (*Id.*) Blankenship invoiced Shine Electrical for its workers, including Plaintiff. (*Id.*) Blankenship and Shine Electrical agreed that Blankenship would provide the labor and the labor's benefits, including workers' compensation, but would then be billed to and paid by Shine Electrical. (*Id.*)

When the accident occurred, Plaintiff testified that he was on top of a freezer "hooking up an electrical box pulling the wire through," when he fell. (ECF No. 30–1 at 41:14–16.) Plaintiff stated that he does not remember the fall specifically, but only remembers waking up in an ambulance outside of the hospital. (*Id.* at 41:16.) At the hospital, Plaintiff was treated for injuries to his leg. (*Id.* at 70:9–10.) Following his release from the hospital, Plaintiff pursued and received a workers' compensation award in Virginia in the amount of $65,000 which was paid through Blankenship's workers' compensation carrier. (ECF No. 31 at 2.) Plaintiff's medical expenses were paid through this Virginia workers' compensation coverage. (*Id.* at 2–3.)

Plaintiff initiated this action in the Circuit Court of Kanawha County, West Virginia on September 11, 2019. (ECF No. 1–1.) Plaintiff asserts two causes of action. Count I asserts a claim of negligence against Shine Electric. (*Id.* at 13.) Count II asserts a cause of action for negligent entrustment against Sam's Club. (*Id.* at 14.) On October 15, 2019, Sam's Club removed this action to this Court on the basis of diversity jurisdiction.[2] (ECF No. 1 at 3.)

On October 8, 2020, Defendants moved for summary judgment on each of Plaintiff's claims. (ECF No. 30.) To date, Plaintiff has not filed a response. As such, this motion is ripe for adjudication.

---

[2] Shine Electrical is a business organized in the state of Texas. (ECF No. 1 at ¶ 5.) Sam's Club is a corporation organized under the laws of the state of Delaware with its principal place of business in Arkansas. (*Id.* at ¶ 6.)

## II. LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure governs summary judgment. It states, in pertinent part, that a court should grant summary judgment if "there is no genuine issue as to any material fact." "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *News & Observer Publ. Co. v. Raleigh–Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010). Summary judgment should not be granted if there are factual issues that reasonably may be resolved in favor of either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "Thus, at the summary judgment phase, the pertinent inquiry is whether there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018) (alteration and internal quotation marks omitted).

The nonmoving party bears the burden of showing there is a "genuine issue of material fact for trial . . . by offering 'sufficient proof in the form of admissible evidence[.]'" *Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 216 (4th Cir. 2016). When ruling on a motion for summary judgment, the Court must view the evidence "in the light most favorable to the opposing party." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970).

A failure to respond in and of itself, however, does not show that the moving party is entitled to a judgment as a matter of law. *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir.1993). "Thus, the court, in considering a motion for summary judgment, must review the motion, even if unopposed, and determine from what is has before it whether the moving party is entitled to summary judgment as a matter of law." *Id.*; *see also* Fed. R. Civ. P. 56(e) ("If a party .

3

. . fails to properly address another party's assertion of fact . . . , the court may . . . grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it . . . .").

### III. DISCUSSION

Defendants raise two arguments as to why they are entitled to summary judgment on Plaintiff's claims. First, Defendants argue that Plaintiff's exclusive remedy was through the Virginia Workers' Compensation Act. (ECF No. 31 at 8.) As a result of his successful workers' compensation claim, Defendants argue that he is now statutorily barred from recovery here. (*Id.* at 8–9.) Second, Defendants argue that Shine Electrical should be found to be a "special employer" under West Virginia law and, because of Plaintiff's workers' compensation claim in Virginia, is therefore barred from recovering twice for the same injury. (*Id.* at 11.) Plaintiff has failed to address these arguments. However, even if he had, it would be to no benefit as the Court's review of the record evidence shows no genuine dispute to any material fact.

> The Virginia Workers' Compensation Act establishes the following:
>
> The rights and remedies herein granted to an employee when his employer and he have accepted the provisions of this title respectively to pay and accept compensation on account of injury or death by accident shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents, or next of kin, at common law or otherwise, on account of such injury, loss of service, or death.

Va. Code § 65.2-307. Virginia's workers' compensation statute "provides an employee certain rights and remedies if the employee has suffered 'an injury by accident arising out of and in the course of the employment.'" *Miller v. Washington Workplace, Inc.*, 298 F.Supp.2d 364, 371 (E.D. Va. 2004) (quoting Va. Code § 65.2-101.) The above-quoted language "precludes an

4

employee from bringing common law personal injury claims against a co-employee or employer for injuries sustained during the course of employment." *Id.*

Yet, an injured employee "may have a common-law action against a third-party tortfeasor for accidental injuries sustained while working for his employer, but only if the third-party tortfeasor is a 'stranger to the work.'" *Whalen v. Dean Steel Erection Co.*, 327 S.E.2d 102, 104–05 (Va. 1985); *see also Slusher v. Paramount Warrior, Inc.*, 336 F.Supp. 1381, 1383 (W.D. Va. 1971) ("It has been held by the Virginia Supreme Court of Appeals that an employee has no cause of action against another party for injuries received while working for his employer unless that other party is a stranger to the business and the work being done.").

Entities engaged in the same project or in the same trade, business, and occupation are not "strangers to the work." *David White Crane Serv. v. Howell*, 714 S.E.2d 572, 575 (Va. 2011); *see also Clean Sweep Prof'l Parking Lot Maint., Inc. v. Talley*, 591 S.E.2d 79 (Va. 2004). Moreover, if a subcontractor and an injured employee's common law or statutory employer are engaged on the same project, then that particular subcontractor is also entitled to the immunity provided by the exclusivity provision. *Pfeifer v. Krauss Constr. Co. of Va., Inc.*, 546 S.E.2d 717, 718–19 (Va. 2001.) Finally, Va. Code § 65.2-303 codified dual liability between a prime contractor and its subcontractor in the Workers' Compensation Act as "[n]othing in §§ 65.2-302 and 65.2-304 shall be construed as preventing a worker from recovering compensation under this title from a subcontractor (as described in §65.2-302) instead of from the principal contractor (as described in §65.2-302) but he shall not collect from both."[3]

---

[3] The Court notes that West Virginia's workers' compensation framework similarly grants employers immunity. An employer in good standing with the workers' compensation fund "is not liable to respond in damages at common law or by statute for the injury or death of any employee, however occurring[.]" W. Va. Code § 23-2-6. Furthermore, the state of West Virginia has established that a non-resident's exclusive remedy is that individual's

Plaintiff successfully submitted a claim and received an award through Virginia's workers' compensation. (ECF No. 31–1 at 49, Exhibit C.) Shine Electric cannot be considered a "stranger to the work" as it directed Plaintiff's work and controlled the worksite. (*See* ECF No. 30–1 at 25:6-26; 43:8-11.) Plaintiff, as previously demonstrated, was a Virginia resident and availed himself to Virginia's workers' compensation laws. As such, Plaintiff has exhausted the exclusive remedy available to him, as a function of both West Virginia and Virginia laws.

Similarly, Plaintiff has not shown any genuine issue of material fact as to Sam's Club's liability under these same statutes. Sam's Club cannot be considered a "stranger to the work" as the store/property owner where the work was performed in the foregoing analysis. *See Williams v. E. T. Gresham Co.*, 111 S.E.2d 498, 503 (Va. 1959) ("There is no material conflict in the evidence and it conclusively shows that defendant was engaged in work, at the time of plaintiff's injury, which was a part of the trade, business or occupation of the owner, Ferry District, and that defendant was not a stranger to the work."). Plaintiff has not raised any argument that would otherwise convince the Court that it would not be granted statutory immunity under Virginia law. Furthermore, a review of the record shows that, even if the Plaintiff had successfully argued that Sam's Club is not immune from liability, there is no evidence of individual negligence on behalf of Sam's Club.

---

state-of-residence's laws:

> If the employee is a resident of a state other than this state and is subject to the terms and provisions of the workers' compensation law or similar laws of a state other than this state, the employee and his or her dependents are not entitled to the benefits payable under this chapter on account of injury, disease or death in the course of and as a result of employment temporarily within this state, and the rights of the employee and his or her dependents under the laws of the other state shall be the exclusive remedy against the employer on account of any injury, disease or death.

W. Va. Code § 23-2-1C(c). Finally, the state of West Virginia has similarly limited prime contractor liability when the injured employee has an available remedy—workers' compensation insurance—through his direct employer, the subcontractor. W. Va. Code § 23-2-1D(g)–(h).

Because Plaintiff exhausted his exclusive remedy through an award by Virginia's workers' compensation system, he is statutorily barred from raising the claims herein by both Virginia and West Virginia law. Therefore, Defendants' motion is **GRANTED** as to both Shine Electrical and Sam's Club.[4]

### IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants Shine Electrical Group and Sam's East, Inc.'s Motion for Summary Judgment. (ECF No. 30.) Accordingly, this case is **DISMISSED** with prejudice. The Court further **DIRECTS** the Clerk to remove this case from the Court's docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: December 8, 2020

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

---

[4] Because the Court has found that both Shine Electrical and Sam's Club are entitled to statutory immunity under the workers' compensation laws of both Virginia and West Virginia, there is no need to decide whether Shine Electrical is a "special employer." Therefore, the Court declines to address this argument.